UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE L. HULEN, | ) |
| | ) No. CV-07-3092-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on April 28, 2008. (Ct. Rec. 14, 17). Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security ("Commissioner"). Plaintiff filed a reply brief on April 28, 2008. (Ct. Rec. 19). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 17) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14.)

**JURISDICTION**

Plaintiff protectively filed an application for Supplemental

- 1 -

Security Income (SSI) benefits on May 24, 2005, alleging an onset date of August 15, 1996.  (Tr. 37-40).  The application was denied initially and on reconsideration. (Tr. 21, 22-25.) Administrative Law Judge ("ALJ") Peter J. Baum held a hearing on October 17, 2006.  (Tr. 121-135).  On April 12, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 14-19.)  The Appeals Council denied a request for review on September 25, 2007.  (Tr. 3-5).   Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on October 15, 2007. (Ct. Rec. 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 52 years old on the date of the hearing.  (Tr. 124.)  She earned a high school diploma.  (Tr. 125.)  Plaintiff worked installing heating and air conditioning units.  (Tr. 63, 125.)  Plaintiff testified she has problems for the past three years with her legs and feet, sharp back pain, and ringing in her ears.  (Tr. 126-134.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past. If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered. If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

    The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

    Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the

determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal

standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since her onset date of August 15, 1996, nor since her protective filing date of May 24, 2005. (Tr. 14-15). At steps two and three, the ALJ found that plaintiff suffered from tinnitus and lumbar spondylosis with chronic back pain, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 15-16). At step four, the ALJ found that plaintiff was unable to perform her past relevant work. (Tr. 18). The ALJ found that transferability of job skills is not material. (Tr. 18.) At step five of the sequential evaluation process, the ALJ used the Medical-Vocational Rules as a framework which supported finding that the plaintiff could perform other work that exists in significant numbers in the national economy. (Tr. 18-19). Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 19).

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, she argues that the ALJ improperly rejected

her subjective complaints; failed to fully and fairly develop the record, and, because her non-exertional impairments are significant, the ALJ was required to rely on a vocational expert's testimony rather than the Medical-Vocational Guidelines (Grids) at step five. (Ct. Rec. 15 at 7-11).

The Commissioner opposes the Plaintiff's motion for summary judgment and asks that the ALJ's decision be affirmed. (Ct. Rec. 18 at 5-10).

**DISCUSSION**

**A. Credibility**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that

are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by an ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995) (*citing Magallanes v. Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

Plaintiff alleges that the ALJ erred when he rejected her subjective complaints. (Ct. Rec. 15 at 8-9.) The Commissioner responds that the ALJ's credibility assessment is based on clear and convincing reasons and supported by the record. (Ct. Rec. 18 at 6-9.)

The ALJ relied on several factors when assessing plaintiff's credibility: (1) subjective complaints and alleged limitations are "out of proportion" to objective clinical findings and observed functional restrictions; (2) plaintiff takes no medication, other than over the counter medication; (3) plaintiff has not sought treatment for back pain; (4) plaintiff exhibited inconsistencies and positive Waddell's signs during examination, and (5) plaintiff's activities are inconsistent with the degree of impairment alleged. (Tr. 17-18.)

Plaintiff explains her failure to seek medical treatment during any time at issue is due to a lack of funds and insurance. (Tr. 78.) While the lack of funds for medical care is not a clear and convincing reason for an adverse credibility finding, the ALJ's other reasons are clear and convincing.

1   The ALJ notes that in pre-hearing statements, plaintiff
2  reported diabetes, hearing loss, chronic back pain and pain in the
3  legs, feet, and shoulders have caused difficulties sleeping,
4  lifting, squatting, bending, standing, reaching, walking, sitting,
5  kneeling, talking, hearing, stair climbing, seeing, remembering,
6  completing tasks, concentrating, understanding, following
7  instructions and using her hands.  (Tr. 17, referring to Tr. 60.)
8  The ALJ notes plaintiff reported an inability to see, which
9  affects her ability to handle money and follow written
10 instructions.  (Tr. 17.)

11   The ALJ notes that plaintiff's family has a history of
12 diabetes, but there is no medical evidence that plaintiff has
13 diabetes.  Plaintiff admitted she had a diagnosis of borderline
14 diabetes when pregnant in 1980, the ALJ observes, but her blood
15 sugar levels returned to normal after delivery.  Plaintiff takes
16 no medication for diabetes and has not had blood sugars tested
17 since the 1980's.  (Tr. 17.)  This is a clear and convincing
18 reason, supported by the record, for the ALJ's finding that
19 plaintiff is less than fully credible.

20   Similarly, plaintiff alleges hearing loss. (Tr. 59, 74.)  The
21 ALJ points out that the evaluating otolaryngologist and
22 audiologist found no evidence of hearing loss.  (Tr. 17, referring
23 to Tr. 99.)  Despite plaintiff's claimed severe limitations and
24 constant pain, the ALJ notes that she takes no prescribed
25 medication. (Tr. 108.)

26   Marie Ho, M.D., examined and evaluated plaintiff on June 25,
27 2005.  (Tr. 107-113.)  The ALJ notes Dr. Ho observed some
28 inconsistency in plaintiff's physical examination as well as

positive Waddell's sign. (Tr. 18, referring to Tr. 108, 110.)

The ALJ relies on the inconsistencies between plaintiff's daily activities and the degree of claimed impairment:

> Indeed, while claiming difficulty following written instructions due to unsupported sight difficulties, the claimant reported that she can follow spoken instructions 'well' despite allegations of hearing loss. Moreover, the claimant acknowledged that she spends time on the phone with family members and her hobby/interest is watching and listening to television (Exhibit 1-E:18-19). . .
>
> The claimant acknowledges that she is able to do her own personal care, shops, cooks and does the housework. Her hobby is sewing (Exhibit 1-F:19), which would compromise her hand problems.

(Tr. 17-18.)

The ALJ weighed the scant medical evidence. To aid him in this process, he evaluated plaintiff's credibility. (Tr. 17-18.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

The ALJ gave clear and convincing reasons for finding plaintiff less than completely credible. His reasons are supported by the record.

**B. Duty to Develop the Record**

Plaintiff contends that the ALJ failed to fulfill his duty to fully and fairly develop the record. (Ct. Rec. 15 at 7-8.) The Commissioner responds that the ALJ's duty to further develop the record is triggered when the evidence is ambiguous or the record is inadequate to properly evaluate the evidence, and neither applies. (Ct. Rec. 18 at 6.)

"In Social Security cases the ALJ has a special duty to fully

and fairly develop the record and to assure that the claimant's interests are considered." *Webb*, 433 F. 3d at 687, *citing Brown v. Heckler*, 713 F. 2d 441, 443 (9th Cir. 1983) (per curiam).  The ALJ's duty to further develop the record is triggered by ambiguous evidence or a record inadequate for proper evaluation.  *Tonapetyan v. Hatler*, 242 F. 3d 1144, 1150 (9th Cir. 2001).

The ALJ considered audiology testing as well as the opinion of examining physician Dr. Ho, who opined plaintiff could sit, stand, or walk 6 hours out of 8, lift ten pounds frequently and 20 occasionally, and occasionally kneel and crouch.  (Tr. 111.)  Dr. Ho noted that plaintiff's strength, sensation and reflexes were all normal.  (Tr. 110.)  The ALJ considered the lumbar x-rays in June of 2005 showing mild degenerative disc disease at L3-4, moderate degenerative disc change at L4-5 and moderate facet arthrosis at L5-S1, which Dr. Ho reviewed and opined did not change her assessment of plaintiff's RFC.  (Tr. 114-115.)

The ALJ eventually found plaintiff met her burden through step four of the sequential evaluation process.  At step four, he found that plaintiff could no longer perform her past relevant work.  While a step four finding is not dispositive of the ALJ's duty to develop the record, given plaintiff's lack of treatment over many years, the ALJ's duty to fully and fairly complete the record appears to have been met in this case.

**C. Step Five**

Plaintiff contends the ALJ improperly relied on the Grids rather than a VE at step five.  (Ct. Rec. 15 at 9-11.)  The Commissioner responds that because plaintiff's non-exertional impairments did not significantly erode the base of light jobs available, the ALJ was not required to rely on the testimony of a

- 11 -

VE at step five.  (Ct. Rec. 18 at 9-10.)

The Commissioner correctly points out that plaintiff's only non-exertional limitations include occasional kneeling and crouching, and avoiding moderate exposure to noise.  (Ct. Rec. 18 at 9, referring to Tr. 16.)  The ALJ found that, other than these limitations, the plaintiff could perform unskilled light work; the additional limitations have "little or no effect on the occupational base of unskilled light work." (Tr. 16, 18-19.) Plaintiff acknowledges that application of the Grids is inappropriate where a claimant's work capacity is significantly diminished beyond that caused by an exertional impairment (Ct. Rec. 15 at 10, *citing Bapp v. Bowen*, 802 F. 2d 601, 605-606 (2nd Cir. 1986); because plaintiff's additional limitations have little or no effect on the occupational base of unskilled light work, the ALJ appropriately relied on the framework of Medical-Vocational Rule 202.14 to find that she not disabled.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ properly assessed plaintiff's subjective complaints; that the ALJ fulfilled his duty to fully and fairly develop the record, and that the ALJ's decision at step five that the Grids apply because plaintiff's non-exertional impairments do not significantly erode the base of available jobs at the light level of exertion is free of error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

**DENIED.**

    The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

    DATED this 28th day of May, 2008.

                                    /s/ James P. Hutton

                                    JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE